UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                            )
UNITED STATES OF AMERICA                    )
                                            )     No. 3:19-cr-229-AWT
v.                                          )     No. 3:08-cr-061-SRU
                                            )
SHAUN HAWKINS                               )     March 18, 2020
_____)

**EMERGENCY MOTION FOR RELEASE ON BOND**

The Defendant, Shaun Hawkins, hereby moves for his release on bond. This motion is largely the same as the motion filed and denied by the Court (Richardson, M.J.) on February 24, 2020 in No. 3:19-cr-229-AWT. See ECF Doc. No. 14. There are, however, three significant differences.

First, the coronavirus and resulting COVID-19 are having a radical impact on the community and put institutions at tremendous risk. The Court's operations are changing, prisons are suspending movements and social visits, and schools, businesses, and places of worship are closing. Positive test numbers and deaths rise daily, sometimes more than once.

For Mr. Hawkins, the spread of the coronavirus presents a more specific concern. He suffers from sarcoidosis. A description of sarcoidosis from Johns Hopkins University is attached to this motion. As noted therein, "Sarcoidosis is a rare disease caused by inflammation. It usually occurs in the lungs and lymph nodes, but it can occur in almost any organ." "The lungs are affected in about 90% of people with sarcoidosis." *Sarcoidosis*, NHS, available at https://www.nhs.uk/conditions/sarcoidosis/.

> The emergence of the coronavirus may be particularly worrying
> for people with sarcoidosis. The symptoms of coronavirus (fever,
> cough, sore throat and difficulty breathing) can also be symptoms

>of sarcoidosis. In addition, coronavirus can cause more severe symptoms in people with weakened immune systems and chronic lung disease which would include sarcoidosis patients.

*Information on Coronavirus*, SarcoidosisUK, dated Jan. 30, 2020, available at

https://www.sarcoidosisuk.org/information-on-coronavirus/.

The risk to Mr. Hawkins calls for his release, so that he can ensure that he has immediate access to appropriate medical care. Wyatt's current medical care system is premised upon a starting point – a kiosk where any detainee can lodge a complaint or request, including for medical care. Putting aside that that kiosk sounds like a central point for the virus to spread once it is introduced to the facility, after the request is made, the detainee waits. There is no defined period known to the detainee to expect a response. As Mr. Hawkins waits, given his sarcoidosis, his condition could exacerbate significantly, putting him at a risk level that is greater than most people because "coronavirus can cause more severe symptoms in people with weakened immune systems and chronic lung disease which would include sarcoidosis patients."

A second important change in circumstance since the first motion is that his girlfriend is now working from home. Like much of the society, she has moved out of the office and into the home to reduce the risk of spreading the virus. With her new "workplace," she can more easily and consistently fulfill the role of third-party custodian.

A third important change is that the Government has no objection. The Government is aware of Mr. Hawkins's condition, having been provided records at the bond hearing and present when Mr. Hawkins showed the resulting signs of his condition present on his skin.

Additional considerations warrant repeating from the prior motion for release. Mr. Hawkins's girlfriend is willing to co-sign a bond, and counsel is checking whether the

additional person previously willing to do so is willing to do so again.  Mr. Hawkins's condition and longstanding ties further warrant confidence that he is not a flight risk.  With the state possibly headed towards an order to shelter in place, and with the already existing advisements to maintain social distancing, flight risk and danger to the community concerns are further abated.

Finally, if the Court decides to grant the motion without a hearing, Mr. Hawkins's girlfriend is willing to drive to Wyatt Detention Facility and pick up Mr. Hawkins upon his release, and to bring him directly home from there.  That would obviate the need to have the U.S. Marshal's Service transport Mr. Hawkins to the courthouse.

Alternatively, Mr. Hawkins could be directed to report immediately to the U.S. Probation Office.  Counsel's understanding, however, is that the Probation Office effectively is closed to in-person visits as the uncertainties regarding the impact of the coronavirus continue to mount.

WHEREFORE, the Defendant requests that the Court order Mr. Hawkins's release or otherwise hold a hearing on this motion.

                              Respectfully Submitted,

                              /s/Charles F. Willson/s/
                              By Charles F. Willson (# ct24129)
                              FEDERAL DEFENDER'S OFFICE
                              10 Columbus Boulevard, 6th Floor
                              Hartford, CT 06106
                              Tel:    (860) 493-6260
                              Fax:   (860) 493-6269
                              email: Charles_Willson@fd.org

## **CERTIFICATION OF SERVICE**

This is to certify that on March 18, 2020, a copy of the foregoing was filed electronically via the Court's CM/ECF system, and by that system, counsel for the Government has been provided with a copy of the foregoing.

/s/Charles F. Willson/s/_____